UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LUIS M. SANTANA-REYES,

            Defendant.

20-CR-6059-FPG

DECISION AND ORDER

## INTRODUCTION

On April 20, 2024, Defendant Luis M. Santana Reyes ("Defendant") filed a motion for early termination of supervised release. ECF No. 8. On April 22, 2024, the Court directed the Government and the Probation Office to respond to Defendant's motion. ECF No. 9. Having received the Government's opposition, ECF No. 10, and the Probation Office's response, Defendant's motion for early termination of supervised release is DENIED.

## DISCUSSION

Under 18 U.S.C. § 3583, a district court may modify an individual's conditions of supervised release, § 3583(e)(2), or terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Further, 18 U.S.C. § 3624(e) provides:

> "A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

1

Congress intended supervised release to assist individuals in their transition to community life and fulfill rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); *see also* S.Rep. No. 98–225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a).

On May 10, 2017, Defendant was sentenced to 93-months' imprisonment to be followed by eight years of supervised release. *See* ECF No. 1-4. Defendant requests early termination of his term of supervised release, of which he has served approximately five years, because he has "been a productive member of society" and behaved in a manner indicative of his rehabilitation, despite recent violations, in 2022 and 2023, of his conditions of supervised release as a result of marijuana use. ECF No. 8 at 2. Additionally, Defendant has a pending violation relating to marijuana use and failure to complete community service.

As discussed, a district court "may discharge a defendant and terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

2

justice.'" 18 U.S.C. § 3583(e)(1); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013). In making such a determination, courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context. *See* 18 U.S.C. § 3583(e)(1).

After careful consideration of the factors set forth in § 3553(a), the Court concludes that early termination of Defendant's term of supervised release is not warranted. While Defendant has satisfactorily completed more than half of his term of supervised release and displayed an ability to self-manage by maintaining housing and obtaining employment, *see* ECF No. 8-1 at 1, 4, 6, Defendant's noncompliance with his terms of supervision counsel against granting Defendant's request. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (determination of early release is a discretionary decision made by the district court, is not warranted as a matter of course, but is "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior"); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Defendant is expected to comply with the conditions of supervision and may face sanctions for any substantial failure to do so. 18 U.S.C. § 3583(e), (g); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013). Accordingly, the Court declines to terminate Defendant's supervised release early.

## CONCLUSION

Defendant's motion for early termination of supervised release, ECF No. 8, is DENIED.

IT IS SO ORDERED.

Dated: May 7, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4